LAWRANCE A. BOHM, (SBN 208716)
BOHM LAW GROUP
4600 Northgate Boulevard
Suite 210
Sacramento, CA 95834
(916) 927-5574
FAX (916) 927-2046

Attorney for Plaintiff
VIRGINIA KRAPF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA KRAPF<br><br>    Plaintiff,<br><br>v.<br><br>VIRTUOX, INC.<br><br>    Defendant. | Case No.<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY WAGES; VIOLATION OF LABOR CODE §§ 201, 203, 2802**<br>2. **FAILURE TO PAY OVERTIME COMPENSATION; VIOLATION OF LABOR CODE 510, 1194, 1811, 1815**<br>3. **BREACH OF CONTRACT**<br>4. **BREACH OF IMPLIED COVENANT AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff VIRGINIA KRAPF, respectfully submits the instant Verified Complaint for damages and Demand for Jury Trial and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff VIRGINIA KRAPF (hereafter "KRAPF") or "Plaintiff" was at all times relevant to this action a recruit, officer and employee of Defendant. At all times relevant to this

1

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

action, Plaintiff resided in Stockton, CA.

2. Venue and jurisdiction are proper because the majority of the events giving rise to this action took place in Stockton; because Defendant's were doing business in San Bruno, California; because Plaintiff's employment was entered into in San Francisco, California; because Plaintiff worked for Defendant in Stockton, California; because the damages sought exceed the jurisdictional minimum of this Court; and because the majority of witnesses and events occurred in Stockton, California.

3. Defendant VIRTUOX, INC. (hereafter "VIRTUOX") was at all times relevant to this action a medical technology and services company operating in California. Defendant VIRTUOX was at all times relevant an employer as defined by California law.

4. Plaintiff is ignorant of the true names and capacities of the Defendant sued herein as DOES 1 through 100. Defendant Does 1 through 100 is sued herein under fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged herein. Plaintiff does not at this time know the true names or capacities of said Defendant, but pray that the same may be inserted herein when ascertained.

5. At all times relevant, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission and authorization of each remaining Defendant. All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or their officers or managing agents.

///

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

## STATEMENT OF FACTS

6. On or about January 7, 2010, KRAPF received a call from Steve Lica, President of VIRTUOX, INC., regarding a proposed merger partnership or buyout of KRAPF's company Oxitechs, Inc.

7. On or about January 20, 2010, VIRTUOX Chief Operating Officer Felix Krupczysnki and Vice President Kyle Miko travelled to San Francisco to meet with KRAPF and her husband to discuss possible the acquisition of Oxitechs, Inc. by VIRTUOX. Krupczynski and Miko represented to KRAPF and her husband that VIRTUOX intended to move its business into the San Francisco area with or without KRAPF. Krupczynski and Miko indicated their vision for VIRTUOX was to build the business for approximately five years and sell the company at the point where it was worth about twenty-five million dollars. Krupczynski and Miko further represented to KRAPF and her husband that VIRTUOX was acquiring an office in the San Francisco area and that they wanted KRAPF to check in on the office, manage the office, and take upon herself the title of Director of Clinical Services as an employee of VIRTUOX. Krupczynski and Miko also indicated that KRAPF's job duties would include internet based projects, developing client base and assisting Krupczysnki.

8. On or about January 25, 2010, KRAPF was given a contract with a deadline to be signed by January 27, 2010. KRAPF provided Krupczynski her Oxitechs, Inc. corporate tax identification number, business licensees and credentials.

9. On or about January 27, 2010, KRAPF signed the agreement. (A true and correct copy of the agreement is attached hereto as Exhibit "A").

10. On or about February 1, 2010, KRAPF no longer owned Oxitechs, Inc. pursuant to the agreement signed on January 27, 2010. KRAPF was instructed by Krupczynski to continue managing Oxitechs, Inc. until Oxitechs, Inc. could transfer over to the VIRTUOX software

3

Plaintiff's Verified Complaint for Damages and Demand for
Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

system.

11. In or about March 2010, VIRTUOX employee Cat McDonald came to KRAPF's home in Stockton, California and trained KRAPF along with other employees who worked for Oxitechs, Inc. on the VIRTUOX software system and processes.

12. In or about April 2010, KRAPF was managing employees at her home office and employees in VIRTUOX San Bruno, California office. She was also managing the employees in the second office for VIRTUOX INC in San Bruno, California office.

13. In or about May 2010, VIRTUOX Director of Customer Service Ann Krupcyznski travelled to California to see the billing process and process and testing of Oxitechs, Inc. Ann Krupcyznski trained KRAPF and Oxitechs, Inc. employees concerning documentation and test processing so that Oxitechs, Inc. would be using the same business practices as VIRTUOX.

14. In or about July 15, 2010, KRAPF was directed by VIRTUOX President Steve Lica to no longer pay any money to Oxitechs previous software vendor "NPF". There was a balance Oxitechs owed NPF at that time which was approximately $17,000.

15. In or about September 2010, KRAPF was told to be at the San Bruno office for a site inspection by Medicare which was to be unannounced. This made KRAPF uncomfortable as she knew in her experience that Medicare typically would call for an appointment before conducting a site inspection. Lica indicated to KRAPF that he knew Medicare would not call and would come unannounced to the San Bruno office. KRAPF believed that this was a way of forcing KRAPF to be at the San Bruno office Monday through Friday.

16. In or about October 2010, Medicare contacted VIRTUOX San Bruno office and set up an appointment for an inspection. Medicare eventually gave their approval after the inspection.

17. In or about December 2010, all employees at VIRTUOX San Bruno office were no

4

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

longer 1099 employees but were all employees of VIRTUOX with benefits.

18. In or about January 2011, VIRTUOX President Steve Lica called KRAPF and indicated that Medicare changed its guidelines for codes used in billing and that they needed to get a specialized technician on board immediately.

19. In or about May 2011, President Steve Lica inquired about KRAPF's credentials and license as to if she was state or nationally licensed. KRAPF produced her credentials and license to VIRTUOX INC. Steve Lica demanded that KRAPF be at the San Bruno office five days a week.

20. In or about October 2011, VIRTUOX INC. received a letter of intent from interested buyer. President Steve Lica asked KRAPF if she wanted her old company Oxitechs, Inc. back.

21. In or about November 2011, President Steve Lica discussed with KRAPF staff reduction and hour changes. Steve Lica requested KRAPF be at the San Bruno office five days a week. Steve Lica paid living expenses to KRAPF consisting of one hotel stay per week and one tank of gasoline per week and the other expenses for living was left to KRAPF to pay. KRAPF was told to manage the office and work as an employee to replace the employees that were laid off. KRAPF's staff was reduced from four employees to two employees.

22. In or about December 2011, KRAPF was notified that there was a law suit against Oxitechs, Inc. and heard that illegal billing was conducted as well as extensive debt owing against Oxitechs, Inc.

23. In or about January 2012, VIRTUOX President Steve Lica called KRAPF to discuss her contract and the possibility of KRAPF taking back Oxitechs, Inc. KRAPF refused to take back Oxitechs, Inc. due to the outstanding liabilities and debts owing against Oxitechs, Inc. KRAPF was the told by Steve Lica that her contract was being terminated.

5

Plaintiff's Verified Complaint for Damages and Demand for
Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

## FIRST CAUSE OF ACTION

### (Failure to Pay Wages; Violation of Labor Code §§ 201, 203, 2802)

24.   Plaintiffs hereby re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in the paragraphs above.

25.   This cause of action is brought pursuant to Labor Code Sections 201, 203 and 2802.

26.   At all times relevant herein, Defendant was required to make payments of wages during employment and upon the cessation of employment in accordance with applicable state law including Labor Code sections 202 and 203. Defendant's failure to pay wages was willful.

27.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of the Court.

28.   Plaintiff seeks all damages, remedies, penalties and attorney fees recoverable pursuant to the provisions of the Labor Code.

## SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Compensation in Violation of Labor Code §§510, 1194, 1811, 1815, and IWC 16-2001)

29.   Plaintiffs re-allege and incorporate by reference every allegation of this complaint as set forth herein.

30.   Eight hours of labor constitutes a day's work, and any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one half (1 ½) times the regular rate of pay for an employee. Any work in excess of twelve (12) hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. (Labor Code § 510 and IWC

6

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

Wage Order No. 16-2001.)

31. The time of service of any workman employed upon public work is limited and restricted to eight (8) hours during one calendar day, and forty (40) hours during one calendar week (Labor Code § 1811), and any work in excess shall be compensated at no less than 1 ½ times the basic rate of pay. (Labor Code § 1815).

32. At all times relevant herein, Plaintiff often worked more than 8 hours per workday, and/or more than 40 hours per workweek, in an amount to be proven at trial, but did not receive any overtime wages for overtime hours suffered or permitted to work.

33. Plaintiff seeks to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs, in an amount to be determined at trial, but in an amount in excess of the jurisdiction of this Court.

34. Plaintiff seeks all remedies and penalties recoverable by law.

## THIRD CAUSE OF ACTION

### (Breach of Contract)

35. The allegations set forth in paragraphs above are hereby re-alleged and incorporated by reference.

36. Defendant entered into a contract of employment with Plaintiff. Defendants failed to pay wages, bonuses and/or commissions as required by Plaintiff's contract. Defendant's breach of the employment agreement with Plaintiff has not been waived or excused.

37. Defendant's breach of contract has caused Plaintiff damage in an amount according to proof.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

7

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

38. The allegations set forth in the paragraphs above are hereby re-alleged and incorporated by reference.

39. Defendant acted in bad faith and unfairly in carrying out their obligations to Plaintiff as required by Plaintiff's employment contract and agreements. Defendant's bad faith and unfair dealing caused Plaintiff harm.

40. Defendant acted with malice, oppression and fraud in carrying out its obligations under the employment agreement with Plaintiff.

41. Plaintiff seeks all damages and remedies allowed by law and in amount according to proof.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and any other defendants who may be later added to this action as follows:

1. For compensatory damages, including, but not limited to lost wages and emotional distress in an amount according to proof;

2. For attorneys' fees and costs pursuant to all applicable statutes or legal principles;

3. For cost of suit incurred;

4. For punitive damages or other penalties recoverable by law;

6. For all applicable penalties allowed by the California Labor Code; and

7. For such other and further relief as the court may deem proper.

Dated: July 31, 2012        By: _____
                                 LAWRANCE A. BOHM, ESQ.

                                 Attorney for Plaintiff
                                 VIRGINIA KRAPF

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for this matter.

Dated: July 31, 2012        By: _____
                                 LAWRANCE A. BOHM, ESQ.

                                 Attorney for Plaintiff
                                 VIRGINIA KRAPF

9

Plaintiff's Verified Complaint for Damages and Demand for Jury Trial
VIRGINIA KRAPF v. VIRTUOX, INC.

Lawrance A. Bohm, Esq.
Bohm Law Group

## VERIFICATION OF COMPLAINT FOR DAMAGES

I, Virginia Krapf, have read the attached Complaint for Damages and hereby attest to the truth of all matters asserted therein except for those alleged on information and belief.

I declare under penalty of perjury, pursuant to the laws of the State of California, and the United States, that the foregoing is true and correct to the best of my personal knowledge.

_____8/6/12_____          _____/s/ Virginia Krapf_____
            Date                                                    Virginia Krapf