IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIRGINIA KRAPF,

    Plaintiff,

  v.

VIRTUOX, INC.

    Defendant.

Case No. C 13-0856 SC

ORDER DENYING MOTION AND STIPULATION TO TRANSFER

Now before the Court are Plaintiff Virginia Krapf's ("Plaintiff") motion to transfer venue, ECF No. 37 ("Mot."), and the parties' stipulation to transfer venue, ECF No. 38 ("Stip."). The transfer the parties request would fall under 28 U.S.C. § 1404(a), which reads in full: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Specifically, Plaintiff asks the Court to transfer a different case, Virtuox Inc. v. Virginia Krapf,

Case No. 13-60531 (S.D. Fla.) (the "Florida case"), to the United States District Court for the Northern District of California. Mot. at 1.  After Plaintiff filed her motion, Defendant stipulated to transfer the Florida case to this Court.

The problem with the motion and stipulation is that they ask the Court to reach outside its jurisdiction to take a case from another district court.  The Court declines to do so.  The proper procedure for the parties would have been to ask the District Court for the Southern District of Florida to transfer the Florida case here, after which the parties could consolidate their actions in this Court.  "Only the district court in which the action is pending can order a change in venue . . . . [A]nother district court cannot, on the theory that it would be a more convenient forum, order the court in which the action is pending to transfer the case to it."  15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3844 (3d ed.).

The parties seem to think that the "first-to-file" rule allows the Court to transfer the Florida case to the Northern District of California.  See Mot. at 4-6.  It does not.  The first-to-file rule is a discretionary doctrine of federal comity that permits a district court to decline jurisdiction over an action that is similar in issues and parties to an earlier-filed case in another district, and then to stay, dismiss, or transfer a case to another district court.  See Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 628 (9th Cir. 1991); Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982); see also Wallerstein v. Dole Fresh Vegetables, Inc., No. 13-cv-01284 YGR, 2013 WL 5271291, at *2-3 (N.D. Cal. Sept. 13, 2013).  The court in the Florida

1 action stayed its case to allow the undersigned to decide whether
2 to keep the dispute, but it did not transfer the case. See Order
3 Staying Case, Virtuox v. Krapf, No. 13-60531-CIV-DIMITROULEAS (S.D.
4 Fla. Oct. 9, 2013); see also Longview Fibre Paper & Packaging, Inc.
5 v. Travelers Indem. Co., No. C-06-5666 FDB, 2007 WL 601226, at *1
6 (M.D. Fla. Feb. 22, 2007) (citing Alltrade for the proposition that
7 federal courts commonly stay the second-filed action to afford the
8 court of the first-filed action to decide whether to keep the
9 dispute, after which the second-filed action can be dismissed or
10 transferred).

   The Court will keep this case, finding that it was filed first and concerns the same issues and parties as the Florida case.  If the parties request a stay in this action, the Court is inclined to grant that request while the parties pursue a transfer before the District Court for the Southern District of Florida.

   IT IS SO ORDERED.

   Dated: November 12, 2013

                                    _____
                                    UNITED STATES DISTRICT JUDGE